# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**N.R., a minor, by J.R. and A.R.,**
**his natural guardians,**

    **Plaintiff,**

v.                                **Case No.: 3:18-cv-02208-RV-EMT**

**THE SCHOOL BOARD OF**
**OKALOOSA COUNTY, FLORIDA,**
**MARY BETH JACKSON, STACIE**
**SMITH, ARDEN FARLEY, ALAN**
**LAMBERT, JON WILLIAMS, ROY**
**FRAZIER, JEAN HENNION, and DOES**
**1-30,**

    **Defendants.**

_____

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT, ROY FRAZIER'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Plaintiff, N.R., a minor, by J.R. and A.R., his natural guardians, files this Response in Opposition to Defendant, Roy Frazier's ("Frazier") Motion to Dismiss Plaintiff's Complaint [D.E. 47], and in support thereof states the following:

## SUMMARY OF ARGUMENT

Defendant Frazier's Motion to Dismiss should be denied because Plaintiff has sufficiently pled a § 1983 excessive use of force claim in count X against Defendant Frazier. Specifically, it should be undisputed by the well-plead factual allegations in Plaintiff's Complaint that Defendant Frazier routinely physically and verbally

abused, unlawfully restrained, and secluded Plaintiff while under his care during the 2014-2015 and 2015-2016 school years, in violation of his constitutional rights. Furthermore, Defendant Frazier has not proven that he was acting within the scope of his discretionary authority when the alleged wrongful conduct at issue in the Complaint occurred. Additionally, Defendant Frazier's conduct, as described in detail in Plaintiff's Complaint [D.E. 1], violated clearly established statutory and constitutional rights of which both a reasonable person and Defendant Frazier would have known. Thus, because Defendant Frazier was not acting in his discretionary authority, and his conduct violated statutory and constitutional rights, he is ineligible for the benefit of qualified immunity. Similarly, Defendant Frazier is not entitled to statutory immunity on the state law claims pursuant to Fla. Stat. 768.28(9)(a), because he acted in bad faith and/or with malicious intent and/or in a manner exhibiting wanton and willful disregard of human rights and/or safety. Finally, Plaintiff has adequately alleged a cause of action for battery against Defendant Frazier. Defendant Frazier's Motion to Dismiss should therefore be denied.

## MEMORANDUM OF LAW AND ANALYSIS

### I. STANDARD OF REVIEW FOR MOTION TO DISMISS

"On a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must view the complaint in the light most favorable to the plaintiff." *Turner v. WCA Waste Systems, Inc.*, 2012 WL 4512908 at *1 (N. D.

Florida, Gainesville Division, 2012) (internal citations omitted). "The Court must accept as true all of the factual allegations contained in the complaint," and cannot dismiss the complaint unless it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id*.

## II. PLAINTIFF HAS SUCCESSFULLY STATED A § 1983 CLAIM AGAINST DEFENDANT FRAZIER IN COUNT X

The Eleventh Circuit, like many other circuits, has determined that "excessive corporal punishment, at least where not administered in conformity with a valid school policy authorizing corporal punishment ... may be actionable under the Due Process Clause when it is tantamount to arbitrary, egregious, and conscience-shocking behavior." *T.W. ex. rel. Wilson v. Sch. Bd. of Seminole Cnty., Fla.,* 610 F.3d 588, 598 (11th Cir. 2010) (quoting) *Neal ex rel. Neal v. Fulton Cnty. Bd. Of Educ.,* 229 F.3d 1069, 1074 (11th Cir. 2000); "Where school authorities, acting under color of state law, deliberately decide to punish a child for misconduct by restraining the child and inflicting appreciable physical pain, we hold that Fourteenth Amendment liberty interests are implicated." *Ingraham v. Wright,* 430 U.S. 651, 661, 97 S.Ct. 1401, 1407, 51 L.Ed.2d 711 (1977). Traditionally, corporal punishment in schools referred to the application of physical force by a school official (i.e. paddling) to punish a student for some type of school-related misconduct. *Ingraham*, 430 U.S. at 674. However, applications of force outside of this traditional definition are analyzed under the same "conscience shocking" standard. *See Neal,*

229 F.3d at 1072 (noting that "[n]ot all corporal punishment cases arise under [traditional] circumstances ... and may involve less traditional, more informally-administered, and more severe punishments."

To show that the allegedly excessive corporal punishment is conscience-shocking, a plaintiff must prove at a minimum that "(1) a school official intentionally used an amount of force that was obviously excessive under the circumstances, and (2) the force used presented a reasonably foreseeable risk of serious bodily injury." *Id. at* 1075. Courts determine whether the amount of force used is obviously excessive by considering the totality of the circumstances. *Id.* Among other things, courts look to three factors: "(1) the need for the application of corporal punishment, (2) the relationship between the need and amount of punishment administered, and (3) the extent of the injury inflicted," (referred to herein as the *Neal* factors). *Id.*

In this case, Plaintiff has alleged sufficient facts to support a § 1983 excessive use of force claim against Defendant Frazier. Plaintiff's factual allegations against Defendant Frazier, including his unjustifiable physical and verbal abuse, unlawful restraint, and seclusion of Plaintiff while under his care during the 2014-2015 and 2015-2016 school years, shock the conscience. Plaintiff's specific allegations include, but are not limited to, the following: Defendant Frazier routinely pushed, slapped, punched, kicked, pinched, flicked, threw shoes at, unlawfully restrained to an exercise bike and/or cardboard box, locked in a hot transport van, deprived food

4

from, and verbally antagonized Plaintiff for no legitimate purpose. [D.E. 1 at ¶¶ 44-47, 49, 51, 53, 55, 56, 58, 59-60, 61-66).

Additionally, Plaintiff sufficiently alleges that the amount of force used by Defendant Frazier was obviously excessive under the totality of the circumstances, especially in light of Plaintiff's severe disabilities. [D.E. 1 at ¶¶ 44-66, 244-261]. *See Hatfield v. O'Neill*, 534 Fed. Appx. 838, 845 (11th Cir. 2013)(unpublished) ("Because [plaintiff] T.H.'s disability is profound, rendering her completely vulnerable and defenseless, this factor [i.e. determining whether force is obviously excessive in the totality] is of particular significance." Emphasis added). Turning to the first *Neal* factor, it is clear that the need for Defendant Frazier's use of force against Plaintiff was nonexistent. The Complaint is devoid of any allegation, nor is there any reasonable basis to infer, that Defendant Frazier was ever acting in self-defense of Plaintiff, with a disciplinary purpose, or to protect Plaintiff when the alleged abuses to Plaintiff occurred. Rather, as the court concluded in *Hatfield*, Defendant Frazier's conduct against Plaintiff, a nonverbal disabled and defenseless child, was "intended to injure in some way unjustifiable by any government interest." 534 Fed. Appx. at 845 *citing Cnty. of Sacramento,* 523 U.S. at 849, 118 S.Ct. at 1718.

The first factor therefore favors Plaintiff, as does the second factor[1]. *See Hatfield,* 534 Fed. Appx. 838, 846 ("Because [plaintiff] T.H.'s conduct warranted no force, and striking her was not justified by a governmental interest, the second factor—the relationship between the need and amount of force administered—also favors Appellees [plaintiff]").

As for the third factor, the *Neal* court deemphasized the need to determine how "serious" an injury must be to support a § 1983 excessive force claim, especially at the early stages of litigation. *Neal,* 229 F.3d at 1076. Additionally, a difficult issue is presented by the third factor in cases like this one, where the plaintiff victim is nonverbal and severely disabled. *Hatfield,* 534 Fed. Appx. at 846 ("Due to T.H.'s profound disabilities it is difficult to discern the exact nature of T.H.'s injuries as T.H. was unable to apprise her parents of O'Neill's conduct."). Notwithstanding, Plaintiff has adequately alleged, and it should be undisputed, that Defendant Frazier's conduct presented a reasonably foreseeable risk of serious bodily injury to Plaintiff therefore satisfying the third factor. [D.E. 1 at ¶¶ 44-66, 244-261]. As a

---

[1] *See Hatfield,* 534 Fed. Appx. 838, 846 *citing P.B. v. Koch,* 96 F.3d 1298, 1304 (9th Cir.1996) (finding where "there was no need to use force ... the force [the school official] allegedly used ... b[ore] no reasonable relation to the need"); *Webb v. McCullough,* 828 F.2d 1151, 1159 (6th Cir.1987) ("[B]ecause it is possible that the blows were not disciplinary in nature, a trier of fact could find that under the circumstances, [the principal's] need to strike [the plaintiff] was so minimal or non-existent that the alleged blows were a brutal and inhumane abuse of [the principal's] official power, literally shocking to the conscience."); *Gonzales v. Passino,* 222 F.Supp.2d 1277, 1282 (D.N.M.2002) (finding where "there was little or no need for [the school official's] application of force" the student had "satisfied the first two factors," i.e., the need for application of force and the relationship between the need and amount of force that was used).

whole, Plaintiff has successfully stated a § 1983 excessive use of force claim against Defendant Frazier in count X and his Motion to Dismiss should therefore be denied.

### III. DEFENDANT FRAZIER IS NOT ENTITLED TO QUALIFIED IMMUNITY BECAUSE HE WAS NOT ACTING IN THE SCOPE OF HIS DISCRETIONARY AUTHORITY

Defendant Frazier has committed the fatal error of presuming an entitlement to qualified immunity, rather than proving one. "In order to receive qualified immunity, *the public [government] official* "must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred. *Lee v. Ferraro*, 284 F.3d 1188 (11th Cir. 2002), emphasis added. *See also Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004) ("[w]hile a number of our cases omit this step of the analysis, binding Supreme Court and Eleventh Circuit precedents require us to consider expressly this critical threshold matter… [I]t is the burden of the government official to make this showing.") "If the defendant was not acting within his discretionary authority, he is ineligible for the benefit of qualified immunity." *Lee v. Ferraro*, 284 F.3d 1188 (11th Cir. 2002) (internal citations omitted).

"The determination of whether an action is discretionary or ministerial [thus disqualifying a defendant from the benefit of qualified immunity] depends on the character of the specific actions complained of, not the general nature of the job, and is to be made on a case-by-case basis." *Greenway v. Northside Hosp., Inc.*, 317

Ga.App. 371, 730 S.E.2d 742, 749 (2012) (internal citation and punctuation omitted); *Vann v. Finley*, 313 Ga.App. 153, 721 S.E.2d 156 (2011). "A ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty." *Grammens v. Dollar*, 287 Ga. 618, 697 S.E.2d 775, 777 (2010). "A discretionary act, however, calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed." *Id.*

Defendant Frazier's rush in shifting the burden to Plaintiff to prove an adequately alleged constitutional or statutory violation by him in order to overcome his qualified immunity, is premature and misguided. While Plaintiff alleges that Defendant Frazier was acting within the course and scope of his employment when the alleged wrongful acts occurred, this alone does not satisfy Defendant Frazier's burden. Furthermore, it is denigrating to civil rights laws for Defendant Frazier to argue that his egregious abuse of Plaintiff, a nonverbal defenseless child, was discretionary and worthy of immunity from suit. Thus, Defendant Frazier is not entitled to the burden shifting framework described in section IV, *infra*. *See Collier v. Buckner*, 303 F. Supp. 3d 1232, 1273 (M.D. Ala. 2018) (criticizing Defendant's reliance on "generic arguments" to prove discretionary authority and denying Defendant's motion to dismiss Plaintiff's § 1983 claims based on qualified immunity

defense because Defendants failed to meet their burden to demonstrate that they were "acting within the scope of [their] discretionary authority when the allegedly wrongful acts occurred").

### IV. **DEFENDANT FRAZIER IS NOT ENTITLED TO QUALIFIED IMMUNITY BECAUSE HIS CONDUCT VIOLATED CLEARLY ESTABLISHED STATUTORY AND CONSTITUTIONAL RIGHTS**

If, and only if, a defendant first establishes that they were acting within their discretionary authority, then the burden shifts to the plaintiff to show that qualified immunity is not appropriate. *See Courson v. McMillian,* 939 F.2d 1479, 1487 (11th Cir.1991) (quoting *Rich v. Dollar,* 841 F.2d 1558, 1563 (11th Cir.1988)). In *Saucier*, the Supreme Court set forth a two-part test for evaluating the appropriateness of a claim of qualified immunity. *Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272. As a "threshold question," a court must ask, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a [statutory or] constitutional right?" *Id.* Emphasis added. "If a [statutory or] constitutional right would have been violated under the *plaintiff's* version of the facts, the court must then determine "whether the right was clearly established." *Id.* Emphasis added. This second inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Id.* "Qualified immunity offers complete protection for government officials sued in their individual capacities *so long as* their conduct violates no clearly established statutory

9

or constitutional rights of which a reasonable person would have known." *Ferraro*, 284 F.3d at 1194. Emphasis added.

Even if Defendant Frazier was acting in his discretionary authority, which he was not as discussed in section III *supra*, Defendant Frazier's qualified immunity defense is inappropriate because Plaintiff adequately alleges that his actions violated statutory and constitutional rights. The right to be free from "excessive corporal punishment, at least where not administered in conformity with a valid school policy authorizing corporal punishment," is a clearly established precedent in the Eleventh Circuit. *Neal,* 229 F.3d at 1075. That is, since *Neal*, the Eleventh Circuit has held as a matter of law that, where an exercise of corporal punishment is so brutal, demeaning and harmful as literally to shock the conscience of the court, a student's substantive due process rights are implicated. *See id.* "[T]hat statement of law applies with such "obvious clarity" to O'Neill's alleged conduct—striking a profoundly mentally and physically handicapped child on the head in a place where she was particularly vulnerable due to her previous surgery *for no legitimate reason*—that O'Neill had a "fair and clear warning" that her conduct was unlawful." *Hatfield*, 534 Fed. Appx. at 847–48 (dismissing defendant's qualified immunity defense on the basis that the constitutional right [she] violated was clearly established). The same obvious clarity applies to Defendant Frazier's conduct, as

described in paragraphs 44-66 of the Complaint, and his Motion to Dismiss should therefore be denied.

**V. DEFENDANT FRAZIER IS NOT ENTITLED TO IMMUNITY PURSUANT TO § 768.28(9)(a) BECAUSE HE ACTED IN BAD FAITH AND/OR WITH MALICIOUS INTENT AND/OR IN A MANNER EXHIBITING WANTON AND WILLFULL DISREGARD OF HUMAN RIGHTS AND/OR SAFETY**

"No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, *unless* such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Fla. Stat. § 768.28(9)(a) (2014-2018). Emphasis added. In the context of § 768.28(9)(a), conduct committed in bad faith has been characterized as conduct acted out with actual malice. *Parker v. State Bd. of Regents ex rel. Florida State Univ.,* 724 So.2d 163, 167 (Fla. 1st DCA 1998). Conduct meeting the "wanton and willful" standard in the context of § 768.28(9)(a), must be "worse than gross negligence," *Sierra v. Associated Marine Insts., Inc.,* 850 So.2d 582, 593 (Fla. 5th DCA 2003), and "more reprehensible and unacceptable than mere intentional conduct." *Richardson v. City of Pompano Beach,* 511 So.2d 1121, 1123 (Fla. 4th DCA 1987).

In this case, Plaintiff's Complaint is replete with allegations that preclude Defendant Frazier's entitlement to statutory immunity from state law claims because he acted in bad faith and/or with malicious intent and/or with wanton and willful disregard for Plaintiff's human rights and safety. These allegations include, but are not limited to Defendant Frazier: throwing shoes at Plaintiff because he found it funny when Plaintiff was hit by the shoes [D.E. 1 at ¶ 47]; strapping Plaintiff to an exercise bike for hours on end as a means of punishing Plaintiff [D.E. 1 at ¶ 49]; inflicting "shock techniques" (such as pinching and flicking), endorsed for use on dogs, on Plaintiff causing Plaintiff to cry and suffer pain [D.E. 1 at ¶ 51]; secluding Plaintiff in a cardboard box for hours so that he would not be bothered by Plaintiff [D.E. 1 at ¶ 53]; locking Plaintiff in a hot transport van while he shopped at yard sales for his own personal benefit [D.E. 1 at ¶ 55]; stealing Plaintiff's food to consume for himself [D.E. 1 at ¶ 58]; and making sexually explicit comments about Plaintiff's mother in Plaintiff's presence for the sole purpose of upsetting Plaintiff. [D.E. 1 at ¶ 59].

Additionally, Defendant Frazier falsified Plaintiff's test data as a means of intentionally concealing his abuse of Plaintiff because he knew his egregious acts were causing Plaintiff functional regression. [D.E. 1 at ¶ 61]. Furthermore, Defendant Frazier specifically targeted Plaintiff and other non-verbal disabled students, as opposed to verbal students, because he knew Plaintiff was defenseless

and unable to report his abuse. [D.E. 1 at ¶ 62-63]. As a result of such malicious conduct, the Education Practices Commission of the State of Florida permanently revoked Defendant Frazier's education certificate, an extreme (but appropriate) course of action. [D.E. 1 at ¶ 136]. Based on the well-pleaded factual allegations in Plaintiff's Complaint, Defendant Frazier's deplorable actions fit within one of the exceptions to immunity under Fla. Stat. § 768.28(9)(a). Defendant Frazier's Motion to Dismiss counts XIII, XVI and XVII should therefore be denied.

### VI. **PLAINTIFF HAS SUCCESSFULLY STATED A CAUSE OF ACTION FOR BATTERY AGAINST DEFENDANT FRAZIER**

Generally, an actor is subject to liability to another for battery if (a) he acts intending to cause a harmful or offensive contact with the person of another and (b) an offensive contact with the person of the other directly or indirectly results against the receiver's will. *City of Miami v. Sanders,* 672 So.2d 46, 47 (Fla. 3d DCA 1996). However, § 768.28(9)(a), Fla. Stat., provides immunity from an actor's personally liability for battery, in certain circumstances. *See Kastritis v. City of Daytona Beach Shores*, 835 F. Supp. 2d 1200, 1225 (M.D. Fla. 2011).

Plaintiff has adequately alleged that Defendant Frazier is liable for battery [D.E. 1 at ¶ 46-47, 49, 51, 53, 55, 306-309]. Furthermore, as discussed in detail in section IV *supra,* Defendant Frazier is not entitled to statutory immunity because his actions fit within one of the exceptions to § 768.28(9)(a), Fla. Stat. Defendant Frazier's Motion to Dismiss count XVII should therefore be denied.

## CONCLUSION

Plaintiff respectfully requests the Court deny Defendant Frazier's Motion to Dismiss for the reasons more fully set forth herein.

## CERTIFICATE OF WORD COUNT

Pursuant to Local Rule 7.1(f), I certify that this Response in Opposition and the incorporated Memorandum of law complies contains 3,135 words.

Dated this 2nd day of January, 2019.

                    Respectfully Submitted,

                    By: */s/ Ryan P. Molaghan*
                    Ryan P. Molaghan, FBN 119780
                    Ryan B. Hobbs, FBN 044179
                    John M. Leace, FBN 172626
                    Talley Kaleko, FBN 487155
                    **BROOKS LEBOEUF BENNETT**
                        **FOSTER & GWARTNEY, P.A.**
909 East Park Avenue
Tallahassee, Florida 32301
850-222-2000 / 850-222-9757
RyanM@tallahasseeattorneys.com
Rhobbs@tallahasseeattorneys.com
John@tallahasseeattorneys.com
Talley@tallahasseeattorneys.com
Jeanetta@tallahasseeattorneys.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been sent to all counsel of record through electronic service utilizing the Court's CM/ECF system this 2nd day of January, 2019.

*/s/ Ryan P. Molaghan*
Ryan P. Molaghan