IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

Case No.: 3:18-cv-2208-MCR-EMT

N.R., a minor, by
JASON RAGAN and AMY RAGAN,
his natural guardians,

    Plaintiff,

v.

THE SCHOOL BOARD OF
OKALOOSA COUNTY, FLORIDA;
MARY BETH JACKSON;
STACIE SMITH; ARDEN FARLEY;
ALAN LAMBERT; JON WILLIAMS;
ROY FRAZIER; JEAN HENNION; and
DOES 1-30,

    Defendants.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT
## AND MEMORANDUM OF LAW IN SUPPORT

Pursuant to Federal Rule of Civil Procedure 17(c) and Florida Probate Rule 5.636, Jason Ragan and Amy Ragan by and on behalf of N.R. ("Plaintiff"), and Defendant Roy Frazier ("Frazier"), (collectively the "Parties"), respectfully move

1

this Court to approve the Settlement Agreement signed by the Parties and attached hereto as **Exhibit A**.[1]

## Background

1. Jason Ragan and Amy Ragan are the legal guardians of N.R.

2. N.R. was diagnosed with autism and is nonverbal.

3. Plaintiff instituted this action against Frazier pursuant to 42 U.S.C. § 1983 (Section 1983) and common law. Plaintiff sought, among other things, damages against Frazier. [Doc. 1].

4. On August 22, 2022, the parties reached a settlement in this matter. Fairly summarized, Plaintiff agreed to dismiss this case with prejudice and release Frazier from any liability related to the claims raised in this action (or that could have been raised in this action) in consideration of Frazier's agreement to pay N.R. a one-time, lump sum payment in the total amount of Two Hundred and Twenty Thousand and 00/100 Dollars ($220,000.00).

5. Pursuant to the Settlement Agreement, each party agrees to bear their own costs and attorney's fees incurred in connection with this case.

---

[1] For privacy purposes, the full name of the minor child has been redacted from the Settlement Agreement. If necessary, Plaintiff will file an un-redacted copy under seal.

**Information Required by Florida Probate Rule 5.636**

6. Florida Probate Rule 5.636 requires certain information to be included in a motion to approve a settlement agreement involving a minor, including the minor's initials, residence address, and year of birth of the minor; the name and residence address of the natural guardians or other persons having legal custody of the minor; as well as the name and address of any guardian appointed for the minor. *See* Fla. Probate R. 5.636(b)(1)-(3); *see also Doolin v. Pneumo Abex LLC, et al.*, 3:16-CV-778-J-34PDB, 2019 WL 665748, at *1 (M.D. Fla. Feb. 5, 2019) (requiring petition to approve minor's settlement comply with Florida Probate Rule 5.636); *A.G.R. v. United States*, Case No. 2:18-cv-342-FtM-38MRM, 2019 454449 (M.D. Fla. Jan. 31, 2019) (same); *Mochocki v. United States*, Case No. 3:15-cv-377-J-34JRK, 2017 WL 3701075 (M.D. Fla. May 10, 2017) (same).

7. N.R.'s year of birth is 09/09/2009.

8. N.R. currently resides with Jason Ragan and Amy Ragan.

9. N.R.'s current address is 1925 Biscayne Boulevard, Navarre, Florida.

10. N.R.'s legal guardians are Jason Ragan and Amy Ragan. The guardians reside at the same address as N.R.

11. Regarding the necessity of a third-party guardian to review the Settlement Agreement prior to the Court's approval, the parties defer to the Court.

*See* Rule 17(c); *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) (citing *Roberts v. Ohio Cas. Ins. Co.*, 256 F.2d 35, 39 (5th Cir. 1958)).

**WHEREFORE**, based on the foregoing, the Parties jointly request that the Court enter an Order as follows:

(i) finding that the Court has jurisdiction over the review of the Settlement Agreement;

(ii) determining that the Settlement Agreement is in N.R.'s best interest;

(iii) approving, but not merging, the Settlement Agreement, into said order/judgment;

(iv) retaining jurisdiction to hear and determine any subsequent proceedings with respect to the Settlement Agreement; and

(v) granting such further relief as this Court deems just under the circumstances.

## Memorandum of Law

This action was initiated in the United States District Court for the Northern District of Florida. As such, the parties submit that the Court has jurisdiction to approve the Settlement Agreement. *See Wilson v. Griffiths*, 811 So. 2d 709, 712 (Fla. 5th DCA 2002) (the only court having jurisdiction to approve the settlement of a minor's claim is the court in which the action is pending); *Maugeri v. Plourde*, 3096 So. 2d 1215, 1216 (Fla. 3d DCA 1981) (same); *Meyers v. U.S.*, No. 6:13-cv-1555-Orl-41TBS, 2014 WL 5038585, at *2 (M.D. Fla. Sept. 24, 2014) (recognizing court has jurisdiction over settlement involving minor's claims

because it was the court in which action was filed); *Perez v. 1st and 10 Sports Bar & Grill*, No. 13-80912-CV-MIDDLEBROOKS, 2016 WL 8539789 at *1 (S.D. Fla. April 18, 2016) (same).

Plaintiff's legal guardians (Jason Ragan and Amy Ragan) believe that the Settlement Agreement is in the best interest of N.R. Plaintiff's legal guardians further submit that they do not believe there is any conflict between them and N.R. See *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) (citing *Roberts v. Ohio Cas. Ins. Co.*, 256 F.2d 35, 39 (5th Cir. 1958)) (when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest); *Meyers*, 2014 WL 5038585, at *4 (recognizing that, in the absence of a conflict of interest, the district court is vested with the authority to determine whether the settlement agreement is in the minor's best interest). Generally, a settlement agreement is in the minor's best interest if it is "fair, adequate, reasonable and is not the product of collusion of the parties." *In re Smith*, 926 F.2d 1027, 1029 (11th Cir. 1991), quoting *Cotton v. Hinton*, 559 F.2d 1326,1330 (5th Cir. 1977).

If this Court finds that no guardian ad litem is needed to first review the settlement, then this Court has the authority under Rule 17(c) and *Burke* to review the Settlement Agreement and determine whether it is in N.R.'s best interest. Generally, a settlement agreement is in the minor's best interest if it is "fair,

adequate, reasonable and is not the product of collusion of the parties." *In re Smith*, 926 F.2d at 1029. The attached Settlement Agreement readily meets this standard. This Court should therefore find that the Settlement Agreement is in N.R.'s best interest.

Respectfully submitted this 2nd day of September, 2022.

| | |
|---|---|
| */s/ Ryan B. Hobbs* | */s/ Anthony M. Hoffman* |
| RYAN B. HOBBS (FBN 044179) | ANTHONY M. HOFFMAN (3988N58A) |
| Ryan P. Molaghan (FBN 119780) | WM. STEELE HOLMAN II (6027L49W) |
| Dean R. LeBoeuf (FBN 0328715) | JENNIFER S. HOLIFIELD (FL0035931) |
| **BROOKS, LEBOEUF, FOSTER,** | **SPEEGLE, HOFFMAN, HOLMAN** |
| **GWARTNEY & HOBBS, P.A.** | **& HOLIFIELD, LLC** |
| 909 East Park Avenue | Post Office Box 11 |
| Tallahassee, Florida 32301 | Mobile, Alabama 36601 |
| 850-222-2000 / 850-222-9757 | 251-694-1700 / 251-694-1998 |
| Rhobbs@tallahasseeattorneys.com | Thoffman@speeglehoffman.com |
| Rmolaghan@tallahasseeattorneys.com | Sholman@speeglehoffman.com |
| Dean@tallahasseeattorneys.com | Jholifield@speeglehoffman.com |
| Beata@tallahasseeattorneys.com | *Attorneys for Defendant Roy Frazier* |
| *Attorneys for Plaintiff N.R.* | |

## **WORD COUNT CERTIFICATION**

This document complies with word limits set forth in N.D. Fla. Local Rule 7.1(F), and contains 968 words, which includes the headings, footnotes, and quotations, but does not include the case style, signature block or Certificates of Word Count and Service.

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 2nd day of September, 2022, a true and correct copy of the foregoing was electronically filed in the United States District Court, Northern District of Florida, using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Ryan B. Hobbs*
RYAN B. HOBBS (FBN 044179)
