UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

N R
A MINOR, BY JASON RAGAN
AND AMY RAGAN, HIS NATURAL
GUARDIANS,

    Plaintiff,

v.                                        Case No.  3:18cv2208/MCR/HTC

SCHOOL BOARD OF OKALOOSA
COUNTY, et al.,

    Defendants.
_____/

**ORDER**

The parties have resolved this case, and before the Court is the Joint Motion to Approve Settlement, filed on behalf of the Plaintiff and the sole remaining Defendant, Roy Frazier, ECF No. 286, and the Guardian Ad Litem Report Regarding N.R., ECF No. 291–1.  In the settlement agreement, Plaintiff agrees to dismiss this case with prejudice and release Frazier from any liability related to the claims raised in this action (or that could have been raised in this action) as consideration for Frazier's agreement to pay N.R. a one-time, lump sum of $220,000.  Each side agrees to bear their own costs and attorney's fees.[1]

---

[1] The Guardian ad Litem has filed the necessary oath and has agreed to serve pro bono.

In the Guardian Ad Litem Report of James William Gustafson, Jr., he represents that based on his independent review, the settlement agreement is in the best interests of N.R. Gustafson outlines the circumstances of the abuse that N.R. allegedly suffered by Frazier, who was his special education teacher while N.R. was a special education student during the 2014 to 2015 school year. Gustafson notes that there would be some difficulties of proof at trial because N.R. was a mostly non-verbal special needs child at the time of the abuse and may not be able to communicate the incidents; however, there is other evidence to substantiate the abuse. Gustafson concludes that the settlement of $220,000 in damages is in the best interests of N.R. because it will provide compensation while also shielding him from the ordeal and further trauma of a trial, which he states is also valued by N.R.'s parents, the Ragans. Gustafson reports that the Ragans are pleased with the outcome and intend to place the settlement money (after attorney's fees, costs, and any lien payoffs) in a special needs trust, and understand that any disbursements must be solely for the health, education and welfare of N.R. The report also includes his opinion that the law firm, Brooks, LeBoeuf, Bennett, Foster & Gwartney, P.A., is charging a standard contingency fee of 40%, which he finds reasonable and in accordance with the Rules Regulating the Florida Bar, and that the costs incurred are itemized, reasonable, and have been charged in a reduced amount to maximize the award to N.R.

The Court's inquiry in reviewing the settlement is limited to determining whether the settlement is in the best interests of the minor. *See* Fla. Stat. § 744.387(1); s*ee also Wilson v. Griffiths*, 811 So. 2d 709, 712 (Fla. 2d DCA 2002); *Bullard v. Sharp*, 407 So. 2d 1023, 1023-24 (Fla. 4th DCA 1981). In reviewing a settlement under this standard, "the cardinal rule" is that it the settlement must be "fair, adequate and reasonable and is not the product of collusion between the parties." *In re Smith*, 926 F.2d 1027, 1029 (11th Cir. 1991) (applying Florida law). The Court has jurisdiction over the matter. Having fully reviewed the settlement and the report of the Guardian ad Litem, and on consideration of all the circumstances, the Court is satisfied that the settlement is in the best interests of N.R., and the joint motion is due to be granted.

Accordingly:

1. The Joint Motion to Approve Settlement, ECF No. 286, is **GRANTED**, and the settlement is **APPROVED** according to its terms.

2. Plaintiff's parents are authorized to execute the settlement and release, to sign any instruments and documents necessary to effectuate the proposed settlement, and to dismiss the claims against Defendant Roy Frazier with prejudice, as agreed by the parties and with each side agreeing to bear their own costs and attorneys' fees pursuant to the agreement.

Case No. 3:18cv2208/MCR/HTC

3. The pro bono Guardian ad Litem is discharged, with the Court's appreciation for his service.

4. No other parties or claims remain in this lawsuit. Therefore, the Clerk is directed to close the case file contemporaneously with the Plaintiff's filing of a voluntary dismissal as to Frazier.

**DONE and ORDERED** on this 25th day of October 2022.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**